IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2024

## CORTNEY R. LOGAN[1] v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-C-2822   Jennifer Smith, Judge**
_____

### No. M2023-01391-CCA-R3-ECN
_____

Petitioner, Cortney R. Logan, appeals the Davidson County Criminal Court's summary dismissal of his petition for writ of error coram nobis as untimely. Following our review of the entire record, briefs of the parties, and the applicable law, we affirm the judgment of the coram nobis court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Cortney R. Logan, Whiteville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

On June 25, 2009, Petitioner entered an optometrist's office in Mississippi and "threatened to kill several people, placed his gun to people's heads, and stole a correctional officer's revolver before helping [his co-defendant] escape from custody." *State v. Logan*, No. M2014-01687-CCA-R3-CD, 2015 WL 5883187, at *8 (Tenn. Crim. App. Oct. 8, 2015). Petitioner and his co-defendant then fled in a rental vehicle driven by Petitioner. *Id.* Later that same day, Metropolitan Nashville Police Department Sergeant Mark Chestnut conducted a traffic stop because Petitioner was not wearing a seatbelt. *Id.* at *1.

_____

[1] Petitioner's name has various spellings throughout his appeals. We will utilize the spelling of Petitioner's name as it appears in the indictment and judgment forms.

During the traffic stop, Petitioner's co-defendant shot Sergeant Chestnut five times with the stolen revolver, and Petitioner and his co-defendant fled the scene. *Id.* at *2. Petitioner and his co-defendant were apprehended a short time later. *Id.* at *3. Petitioner and his co-defendant were indicted in Davidson County for the attempted first degree murder of Sergeant Chestnut and employing a firearm during the attempt to commit a dangerous offense. *Id.* at 1. At trial, evidence of Petitioner's crimes in Mississippi was admitted under Tennessee Rule of Evidence 404(b) to show Petitioner's intent and motive. *Id.* at *3. Petitioner was convicted as charged, and the trial court imposed an effective thirty-one year sentence on December 1, 2010. *Id.* at *1.

In June 2011, while his motion for new trial was pending in this matter, Petitioner was extradited to Mississippi, where he was found guilty of five counts of kidnapping, one count of aiding escape, and one count of being a felon in possession of a firearm, for which he received seven life sentences without the possibility of parole. *Logan v. State*, 192 So.3d 1012 (Miss. Ct. App. 2015). Petitioner's Tennessee motion for new trial was denied on August 22, 2014.[2]

This court affirmed Petitioner's convictions on direct appeal. *Logan*, 2015 WL 2883187, at *6-10, *17. Petitioner has since repeatedly, and unsuccessfully, challenged his convictions through petitions for writ of habeas corpus and post-conviction in both state and federal court. *See Logan v. State*, No. M2015-00725-CCA-R3-HC, 2016 WL 716818 (Tenn. Crim. App. Feb. 23, 2016) (affirming dismissal of writ of habeas corpus challenging the legality of Petitioner's extradition from Tennessee to Mississippi); *Logan v. Phillips*, No. E2016-01535-CCA-R3-HC, 2017 WL 2304305 (Tenn. Crim. App. May 26, 2017) (same); *Logan v. Tennessee*, No. 3:13-CV-00743, 2019 WL 3841938 (M.D. Tenn. Aug. 15, 2019) (dismissing federal habeas corpus petition because Petitioner had not exhausted all state remedies); *Logan v. Haslam*, No. 3:18-CV-00256, 2019 WL 4142160 (M.D. Tenn. Aug. 30, 2019) (dismissing Petitioner's federal habeas corpus petition challenging his extradition from Mississippi to Tennessee and his Mississippi indictment and sentence); *Logan v. State*, No. M2018-01786-CCA-R3-PC, 2020 WL 918607 (Tenn. Crim. App. Feb. 26, 2020) (affirming denial of post-conviction relief based on ineffective assistance of counsel); *Logan v. State*, No. W2019-01215-CCA-R3-HC, 2020 WL 2510539 (Tenn. Crim. App. May 15, 2020) (affirming denial of writ of habeas corpus challenging his extradition from Tennessee to Mississippi); *Logan v. State*, No. M2021-00071-CCA-R3-HC, 2022 WL 289791 (Tenn. Crim. App. Feb. 1, 2022) (affirming summary dismissal of his petition for the writ of habeas corpus challenging the legality of his extradition from Tennessee to Mississippi), *no perm. app. filed*; *Logan v. Vantell*, No. W2022-01413-CCA-

---

[2] We base this date on the uncertified transcript of the hearing denying Petitioner's motion for new trial, which was attached to Petitioner's petition for writ of error coram nobis and corroborated by the coram nobis court's order denying relief.

R3-HC, 2023 WL 4014725 (Tenn. Crim. App. June 15, 2023) (affirming summary dismissal of habeas corpus petition challenging the affidavit of complaint supporting his arrest warrant), *no perm. app. filed*.

On May 16, 2022, Petitioner filed a Motion to Rehear his Motion to Dismiss Fugitive Warrant. The Motion to Dismiss Fugitive Warrant is not in the record. In the Motion to Rehear, Petitioner asserted that the court minutes for the motion for new trial were fraudulent because they stated that he was present for the hearing when he was not. Petitioner again asserted that his extradition from Tennessee to Mississippi was unlawful. The trial court denied the motion, finding no grounds to rehear. On December 7, 2022, Petitioner filed a Motion to Correct Error, asserting that the date on his *Miranda* rights waiver form was incorrect. On January 16, 2023, the trial court denied the motion, finding that it did not have jurisdiction.

Petitioner filed the current petition for writ of error coram nobis on July 18, 2023, asserting that "on or about" July 15, 2022, he discovered that his co-defendant's Davidson County fugitive from justice warrant ("GS 446078") had been dismissed. The Davidson County General Sessions Court disposition for GS 446078 reflected that a dismissal was entered on December 7, 2010, and listed Petitioner's trial counsel as the attorney of record for Petitioner's co-defendant. Petitioner asserted that he could not have discovered the dismissal in a more timely manner because his trial counsel and the State suppressed the dismissal, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and that had he been aware of the dismissal of GS 446078, he could have requested that his trial counsel be removed based on the conflict of interest. Petitioner further argued that he could have used the dismissal of GS 446078 to rebut the State's theory of criminal responsibility, and that evidence of Petitioner's Mississippi crimes, admitted under Tennessee Rule of Evidence 404(b) to show Petitioner's motive and intent, would have been excluded had Petitioner been able to present the dismissal. *See* Tenn. R. Evid. 404(b) (stating that evidence of other crimes is admissible for purposes other than propensity, such as motive and intent).

The coram nobis court addressed only Petitioner's claim that the dismissal of GS 446078 was newly discovered evidence, and it found that the petition was untimely and that Petitioner had failed to demonstrate that equitable tolling of the statute of limitations was appropriate. The coram nobis court noted that all other claims raised in Petitioner's petition had been, or could have been, addressed in a previous post-conviction proceeding. The coram nobis court found that the petition was filed approximately eight years after the statute of limitations had expired on September 22, 2015, that Petitioner had not explained his failure to discover and present the dismissal of GS 446078 in an earlier proceeding, and that ignorance of the existence of a claim does not create a "later-arising" claim. Finally, the coram nobis court found that the dismissal of GS 446078 would not have resulted in a different outcome, nor would it have shown that Petitioner did not commit the crimes for

- 3 -

which he was convicted because the State had "ample evidence independently proving Petitioner's criminal responsibility."

Petitioner's timely appeal is now before this court.

**Analysis**

Petitioner contends, among other assertions, that the coram nobis court erred by summarily dismissing his writ as untimely because he is entitled to equitable tolling of the statute of limitations based on the "newly discovered evidence" of the dismissal of GS 446078. The State argues that Petitioner has waived his argument by raising it for the first time on appeal. Alternatively, the State argues that Petitioner has failed to demonstrate that he is entitled to equitable tolling. We agree with the State that Petitioner has failed to demonstrate that he is entitled to equitable tolling.

Error coram nobis relief is:

confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b). The relief sought in an error coram nobis proceeding "is the setting aside of the judgment of conviction and the granting of a new trial." *Clardy v. State*, -- S.W.3d --, 2024 WL 3157350, at *6 (Tenn. 2024) (citing *Payne v. State*, 493 S.W.3d 478, 485 (Tenn. 2016)).

The writ of error coram nobis is "an *extraordinary* procedural remedy," and is subject to a one-year statute of limitations which is measured from the date the judgment becomes final, thirty days after either entry of the judgment of conviction or disposition of a timely, post-trial motion. *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (quoting *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999)); T.C.A. § 27-7-103. Compliance with the one-year statute of limitations is an "essential element of a coram nobis claim." *Nunley*, 552 S.W.3d at 828. Whether a petition is time-barred is a question of law, which this court reviews de novo. *Id.* at 830. The statute of limitations may be tolled if a petition seeks relief based on newly discovered evidence of actual innocence discovered after the statute

- 4 -

of limitations has expired.  *Id.*; *Workman v. State*, 41 S.W.3d 100, 102 (Tenn. 2001).  The coram nobis court possesses the discretion to summarily dismiss a petition if it fails to show on its face that it is timely filed or that the petitioner is entitled to equitable tolling of the statute of limitations.  *Nunley*, 552 S.W.3d at 831.

A petitioner is "not entitled to equitable tolling to pursue a patently non-meritorious ground for relief."  *Id.* at 829 (citations omitted).  The petitioner must establish that the grounds upon which he seeks relief are "later arising," meaning that they arose after the statute of limitations, and that strict application of the statute of limitations would deny him a "reasonable opportunity" to present his claims.  *Id.*  To be entitled to equitable tolling based on newly discovered evidence, the petition must present new evidence of actual innocence discovered after the expiration of the statute of limitations.  *Id.* at 828.  "Newly discovered evidence" is "evidence of facts existing, but not yet ascertained, at the time of the original trial," that is admissible, and credible.  *Id.* at 816.  "To grant tolling, the coram nobis court must find that the new evidence would, if credited, clearly and convincingly show that the petitioner is actually innocent of the underlying crime, i.e., that the petitioner did not commit the crime."  *Clardy*, 2024 WL 3157350, at *13 (citing *Keen v. State*, 398 S.W.3d 594, 612 (Tenn. 2012)) (holding that actual innocence means "nothing other than that the person did not commit the crime").

If a petitioner is entitled to equitable tolling, the petition "must be filed within a time period that 'does not exceed the reasonable opportunity afforded by due process.'"  *Nunley*, 552 S.W.3d at 830 (quoting *Workman*, 41 S.W.3d at 103).  Our supreme court recently determined that "the reasonable opportunity afforded by due process" requires a petitioner to file his petition within one year after discovering the new evidence of actual innocence.  *Clardy*, 2024 WL 3157350, at *13.  Whether a petitioner is entitled to equitable tolling of the statute of limitations is a mixed question of law and fact which this court reviews de novo with no presumption of correctness.  *Nunley*, 552 S.W.3d at 830 (citations omitted).

As an initial matter, we will confine our analysis to whether Petitioner is entitled to coram nobis relief based on the newly discovered evidence of the dismissal of GS 446078.  Petitioner's assertions that trial counsel and the State withheld evidence of the dismissal of GS 446078 and that trial counsel had a conflict of interest are not cognizable in a coram nobis proceeding.  *See State v. Mann*, No. W2006-01867-CCA-R3-CO, 2007 WL 2247237, at *4 (Tenn. Crim. App. Aug. 6, 2007) (holding that trial counsel's conflict of interest, if proven, would be ineffective assistance of counsel, which is properly raised in a post-conviction proceeding); *Nunley*, 552 S.W.3d at 812 (holding that a *Brady* violation is not cognizable in a coram nobis proceeding).  Petitioner's remaining claims, regarding the trial court's alleged lack of jurisdiction, the alleged erroneous jury instruction for criminal responsibility, and insufficiency of the evidence, fall outside of the "slight gap" which coram nobis relief fills.  *See State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999).

The State asserts that Petitioner's argument that the dismissal of GS 446078 proves actual innocence under a theory of criminal responsibility is waived because it is raised for the first time on appeal. In his petition, Petitioner asserted that had he known of the dismissal of GS 446078, he "could have rebutted the states (sic) theory of criminal responsibility and presented evidence to the contrary." Based on our interpretation of the petition, we will consider the merits of Petitioner's claim. *See State v. Chappell*, No. E2010-02462-CCA-R3-CD, 2012 WL 134236, at *3 (Tenn. Crim. App. Jan. 18, 2012) (noting that this court cannot create claims for pro se litigants but should construe pro se pleadings liberally and give effect to substance, rather than precise terminology).

Based on the information in the record, it appears the statute of limitations for filing a petition for error coram nobis in Petitioner's case was September 22, 2015. Petitioner asserts that he discovered the dismissal of GS 446078 "on or about" July 15, 2022, and that his petition was filed on July 5, 2023. While Petitioner's signature on the petition is dated July 5, 2023, Petitioner has not provided evidence that the petition "was delivered to the appropriate individual at the correctional facility" on July 5, 2023. Tenn. R. Crim. App. P. 49(d)(1) (allowing a pro se petition to be considered timely filed so long as it is delivered to the appropriate individual within the time for filing). Thus, the petition was filed on July 18, 2023, approximately eight years after the statute of limitations period expired on September 22, 2015. Accordingly, the petition is time-barred unless Petitioner has demonstrated that he is entitled to equitable tolling of the statute of limitations.

Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations. First, Petitioner has failed to establish that he was "'without fault' in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information[.]" *Johnson v. State*, No. W2018-02260-CCA-R3-ECN, 2020 WL 2301193, at *3 (Tenn. Crim. App. May 8, 2020) (quoting *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007)). Although GS 446078 was dismissed approximately eleven and one-half years before Petitioner claims he became aware of the dismissal, Petitioner does not explain why he waited over a decade to obtain a record that was publicly available; nor does he explain how he became aware of the dismissal of GS 446078. Additionally, Petitioner filed his petition more than one year after he asserts that he discovered the dismissal "on or about" July 15, 2022. Thus, summary dismissal was warranted. *See Clardy*, 2024 WL 3157350, at *11 (applying the one-year statute of limitations to equitably tolled coram nobis petitions). Further, because Petitioner did not explain the more than one-year delay, he has failed to establish that he exercised due diligence in presenting his claims within a reasonable time after discovering the dismissal of GS 446078. *See Harbison v. State*, No. E2019-01683-CCA-R3-PC, 2020 WL 6747023, at *18 (considering whether the petitioner exercised due diligence in presenting his claims after discovering

new evidence ); *Nunley*, 552 S.W.3d at 830-31 (considering that the petitioner did not explain a two-year gap between discovering the new evidence and filing the petition).

Petitioner has also failed to establish that his grounds for relief are "later arising." According to the general sessions court disposition sheet, GS 446078 was dismissed on December 7, 2010, six days after Petitioner was sentenced and well *before* his one-year statute of limitations began to run. *See Nunley*, 552 S.W.3d at 829 (stating that "later arising" grounds must arise after the statute of limitations began to run). Although Petitioner asserts that he was unaware of the dismissal of GS 446078 until July 15, 2022, ignorance does not create a "later arising" claim. *See Nelson v. State*, No. W2021-00896-CCA-R3-ECN, 2022 WL 1134772, at *2 (Tenn. Crim. App. Apr. 18, 2022), *no perm. app. filed*.

Additionally, the dismissal of GS 446078 is not "newly discovered evidence" because it occurred *after* Petitioner was convicted and sentenced. *See Payne*, 493 S.W.3d at 485 (noting that "newly discovered evidence" refers to evidence that the defendant was unaware existed at the time of trial); *Nunley*, 552 S.W.3d at 816 (same). While Petitioner correctly notes that "a narrow exception exists where 'although not newly discovered evidence, in the usual sense of the term, the *availability* of the evidence is newly discovered,'" such exception does not apply here because he does not assert that the dismissal was unavailable, but rather that he was wholly unaware of the dismissal until July 2022. *Payne*, 493 S.W.3d at 485 (citing *Sims v. State*, No. W2014-00166-CCA-R3-PD, 2014 WL 7334202, at *9 (Tenn. Crim. App. Dec. 23, 2014) (noting that this exception usually involves testimony of a witness who had previously refused to testify)). Further, Petitioner has failed to establish how the dismissal of GS 446078 would have been relevant, and therefore admissible, at his trial. *See* Tenn. R. Evid. 402 (stating that only relevant evidence is admissible); Tenn. R. Evid. 403 (relevant evidence is evidence that makes a fact of consequence more or less probable).

Finally, Petitioner has failed to demonstrate that the dismissal of GS 446078 is evidence of actual innocence because the dismissal does not clearly and convincingly establish that Petitioner did not commit the crimes of which he stands convicted. *See Clardy*, 2024 WL 3157350, at *13. Petitioner helped his co-defendant escape custody in Mississippi, stole the firearm that his co-defendant used to shoot Sergeant Chestnut, and rented and drove the car in which they fled from the scene. *Logan*, 2015 WL 5883187, at *13. Petitioner could have been convicted under a theory of criminal responsibility regardless of whether his co-defendant was convicted, or even indicted, for the crime. *See* T.C.A. § 39-11-407(2) (stating that it is no defense that "[t]he person for whose conduct the defendant is criminal responsible for has been acquitted"). Petitioner has also failed to show that the dismissal of GS 446078 would have made evidence of Petitioner's Mississippi crimes inadmissible under Tennessee Rule of Evidence 404(b).

- 7 -

Petitioner has failed to establish that the coram nobis court erred when it dismissed his petition without a hearing. Petitioner is not entitled to relief.

## Conclusion

For the foregoing reasons, the judgment of the coram nobis court is affirmed.


_____
JILL BARTEE AYERS, JUDGE